IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFFREY SCOTT TAYLOR,

    Plaintiff,                    No. CIV S-05-2493 MCE DAD P

    vs.

BOARD OF PAROLE, et al.,

    Defendants.              FINDINGS AND RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner currently confined in Deuel Vocational Institution. On December 5, 2005, the court received plaintiff's two-page letter addressed to the Honorable Lawrence K. Karlton. Plaintiff seeks legal advice on how to challenge parole violation hearings. Plaintiff states that he has attempted to pursue administrative remedies and has contacted attorneys but has not received answers to his questions.

        Plaintiff states that the Board of Parole violated his Fourteenth Amendment due process rights by failing to comply with the requirements of the injunction entered in <u>Valdivia v. Schwarzenegger</u>. He states that (1) he was given a hearing in twelve days instead of ten, no commissioner was present, and the charges were dismissed in the interests of justice; (2) he was then sent to Deuel Vocational Institution, where he was given an untimely second hearing at which he rejected the Board's offer; (3) his case "went to full revocation" but the Board did not

1

notify him of the time or date; (4) he was convicted on hearsay at a hearing where the victim did not appear and it was plaintiff's word against the victim's; and (5) he received a twelve-month prison term. Plaintiff wants to appeal the Board's decision.

The Clerk of the Court construed plaintiff's letter and exhibits as a civil rights complaint and opened this civil rights action. Plaintiff is advised that a prisoner pursuing a civil rights action is required to pay a $250.00 filing fee. If a prisoner cannot prepay the filing fee, he may apply to proceed in forma pauperis. See 28 U.S.C. §§ 1914 and 1915. A prisoner who is granted leave to proceed in forma pauperis is required to pay the filing fee in installments when funds are available in his prison trust account. If this action were to proceed, plaintiff would be required to prepay the $250.00 filing fee or file an application to proceed in forma pauperis. For the reasons set forth below, the court will not direct plaintiff to pay the filing fee or file an in forma pauperis application.

The court is required to screen every complaint brought by an inmate seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss claims that are legally frivolous or malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2). In every case in which a plaintiff seeks leave to proceed in forma pauperis, the court is required to dismiss the action if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. A claim must be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the claim

that would entitle him to relief.  Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Palmer v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).

    The plaintiff in this case seeks to appeal a Board of Parole decision that resulted in a twelve-month term of imprisonment.  Plaintiff is advised that when a state prisoner challenges the legality of his custody and the relief he seeks is a determination of his entitlement to an earlier or immediate release, his sole federal remedy lies in a petition for writ of habeas corpus, not in a civil rights action.  See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973).  A state prisoner may not file a federal petition for writ of habeas corpus until he has exhausted state court remedies by presenting all of his federal claims to the state's highest court.[1]  See Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).  To the extent that plaintiff seeks reversal of his parole revocation and release from prison, his letter is in essence a petition for a writ of habeas corpus.  If plaintiff's letter were construed as a habeas petition instead of a civil rights complaint, the court would be required to dismiss the petition for failure to exhaust available state court remedies before bringing a federal habeas corpus action.  The undersigned will recommend that this civil rights action be dismissed for failure to state any civil rights claims upon which relief may be granted.

    Plaintiff is advised that it may be futile to exhaust state court remedies on due process claims based on alleged Valdivia violations.  The terms of the stipulated permanent injunction in Valdivia v. Schwarzenegger, case No. CIV S-94-0671 LKK GGH P (E.D. Cal. 1994), do not provide for relief after a probable cause hearing has been held, regardless of how late the hearing was conducted.  In addition, immediate release is not a remedy available for alleged violations of the settlement agreement.  (See Order filed in Valdivia on Dec. 8, 2004, and

---

[1] Plaintiff should present his claims to the state courts as soon as possible.  State habeas petition forms should be available in the prison law library at DVI.  If relief is not obtained in the state courts, plaintiff should file a federal habeas petition immediately after exhausting state court remedies.  Federal habeas petition forms may be obtained free of charge by sending a written request to the Clerk of the Court.

1 docketed as #1141, denying a motion for immediate release filed by a member of the <u>Valdivia</u>
2 class.) Plaintiff may seek additional information regarding the <u>Valdivia</u> settlement from Karen
3 Kennard at Bingham McCutchen LLP, Three Embarcadero Center, San Francisco, California
4 94111.

5       In accordance with the above, IT IS RECOMMENDED that this action be
6 dismissed with prejudice for failure to state a cognizable civil rights claim.

7       These findings and recommendations will be submitted to the United States
8 District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within
9 twenty days after being served with these findings and recommendations, plaintiff may file
10 written objections with the court.  A document containing objections should be titled "Objections
11 to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file
12 objections within the specified time may, under certain circumstances, waive the right to appeal
13 the District Court's order.  <u>See</u> <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
14 DATED: December 15, 2005.

*(signature)*
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

17 DAD:13
tayl2493.noc